UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA,

       -v-

SEVINJ TAGHIYEVA,

          Ind. No. 12 Cr. 626 (SJ)

      *Defendant*.

--------------------------------------------------------X

## MEMORANDUM IN AID OF SENTENCING
## ON BEHALF OF SEVINJ TAGHIYEVA

           Sarita Kedia
           Sarita Kedia Law Offices, P.C.
           5 East 22nd Street, Suite 7B
           New York, New York 10010
           (212) 681-0202
           skedia@kedialaw.com

           *Attorney for Sevinj Taghiyeva*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

UNITED STATES OF AMERICA,

    -v-

SEVINJ TAGHIYEVA,

                    Ind. No. 12 Cr. 626 (SJ)

       *Defendant*.

---------------------------------------------------------X

# MEMORANDUM IN AID OF SENTENCING
## ON BEHALF OF SEVINJ TAGHIYEVA

### PRELIMINARY STATEMENT

    Sevinj ("Seva") Taghiyeva now appears before this Court for sentencing following her guilty plea, pursuant to a plea agreement with the United States Attorney's Office, to Count Two of the Indictment charging her with conspiring to engage in wire fraud in violation of 21 U.S.C. §§ 963. The instant offense represents Seva's first and only conviction. Seva fully and unconditionally accepts responsibility for her conduct. Nothing in this memorandum is intended to detract from that acceptance of responsibility or her unqualified remorse.

    Through this memorandum and the accompanying letters, we hope to persuade the Court to impose on Seva a sentence of time served, as the government also recommends. See Plea Agreement at 3, ¶ 3. As discussed more fully below, we respectfully submit to the Court such a sentence is appropriate in light of the minor nature of Seva's conduct, her complete post-offense rehabilitation, and her history and family circumstances, including her son who resides in Azerbaijan, whom she has been unable to see since her arrest in this case.

1

# SEVA'S BACKGROUND AND CHARACTER

Born in Baku, Azerbaijan, Sevinj ("Seva") Taghiyeva has resided in the United States since 2009, when she was 29 years old. She has one sibling, a younger brother who resides in Baku, along with her mother and her child, now 13 years old. At a young age, Seva was wedded to her ex-husband as the result of an arranged marriage. Because of his emotionally abusive nature, however, they separated a short time later and eventually divorced. She has raised her son with the help of her mother. Seva has not been able to see her son since her arrest in this case, but has been able to maintain a close relationship with him via regular Skype communication.

Because Seva wanted to make a better life for herself and her young son and to liberate herself from the stigma of divorce that she experienced in Azerbaijan, she decided to "pursue the American dream" and study in the United States. She had already received a Master of Arts in Technology and Design from the Azerbaijan State Economic University. She applied for and obtained an F-1 student visa through the University of Houston's Language and Culture Center, where she studied English for foreign language speakers.[1] Enrolled on a full-time basis for the duration of three semesters, Seva proved herself to be a hard worker and an excellent student. After completing several courses offered by the English program, Seva applied to and was admitted into the Master of Science in Supply Chain and Logistics Technology program at the University of Houston which began in the Fall of 2011.

---

[1] An F-1 visa is a non-immigrant student visa that allows foreigners to pursue academic studies or language training in the United States.

In order to assist in paying for her educational and living costs, Seva also began looking for a job. During her search, she learned of an opening at ARC Electronics, Inc., and she was offered a position as a sales clerk in early 2011. In order that she could work full-time and continue her studies on a part-time basis, ARC applied for an H-1B work visa on Seva's behalf, for which she was approved.[2] She then began working at ARC in May of 2011, more than two and a half years into the four-year long scheme charged in the indictment. She simultaneously pursued her master's degree at the University of Houston.

During the three years Seva resided in Houston, she formed extraordinarily strong ties in her community. Some 30 people who came to know Seva during her brief time in Houston wrote letters of support on her behalf attesting to her wonderful character when she requested release on bail. See Ex. A. Seva has continued to maintain her friendships during her residency in New York since her release on bail more than three years ago. She has also formed new friendships despite her tragic circumstances.

The letters submitted in her support uniformly depict Seva as a person to be admired. Not only did she vigorously pursue her education when she arrived in this country, but even during these last few years, when unable to work or continue her studies because of her immigration status, she has been actively involved in bettering herself. She has received her Teacher Training Certification from the Kundalini Yoga East studio and has volunteered to help so many whose paths she crossed. See Letter of Sat Jivan Singh Khalsa, Ex. B.

---

[2] The H-1B visa is a non-immigrant visa in the United States. It allows domestic employers to temporarily employ foreign workers.

Soon after her arrival in 2009, Seva joined a non-profit organization known as The Art of Living Foundation, which is dedicated to teaching people how to achieve peace and tranquility and to improve the quality of their own lives as well as the quality of society as a whole.  The organization is involved in peace efforts in many conflict-affected countries throughout the world.  Through this foundation, Seva met many of the women in Houston to whom she became exceedingly close, including two of the three who offered to act as sureties. In their letters, the people with whom Seva so strongly bonded in a mere three years describe their admiration, appreciation and respect for Seva.  Indeed, the letters vividly portray a person who is "honest," "loving," "worthy," "dear," "always willing to help others" and a "good human with high moral principles."  See Ex. A.

One friend describes Seva's deeply humble and giving nature:

> In spite of her demanding study schedule, she always made time for personal growth and that of others. She wanted to share her joy with others, so she helped me organize and implement Art of Living stress-management workshops for children. On one very special occasion, she accompanied me to Dallas to help me teach a stress- management course for refugee children from Bhutan who had been displaced by their government. Our classes numbered over 100 children, but Seva was able to manage them well and with care. She had no hesitation to help, buying supplies for the class, serving the children food, or cleaning the classrooms we taught in. She also helped me with a similar workshop for high school students in Houston. Once again, Seva proved to be invaluable to the workshop. Her participation made the students feel free to express themselves. I am convinced that if circumstances had been different, Seva would have continued helping the children of Texas learn to manage stress and negative emotions, build self-esteem, and feel peace. Her absence was felt deeply. Since her departure, it has been left to me to lead such workshops for children in Houston, always inspired by my dear friend's demonstrated commitment of when we first began teaching the children. In fact, she continues to inspire me. The last

> few years have been challenging for her, yet she continues to show
> good spirits and kindness. She gives me good advice on my
> personal life and encourages me to continue in the face of my own
> challenges.

See Letter of Marisol Mendez, Ex. C.

Another friend likewise describes the love and support Seva has given her over the course of their friendship:

> As I got to know Sevinj more closely, I came to see a person who
> is always ready to lend a helping hand to her friends whenever they
> need it. For example, in my case, she was always there for me in
> times of trouble, whenever I needed support. She helped me move
> apartments on a moment's notice when I learned that I suddenly
> needed to vacate my sublet. Sevinj was very instrumental in my
> beginning the practice of yoga. In fact, despite my long-term back
> pains and intention to try practicing yoga, I didn't take any action
> until Sevinj's generous encouragement and support made me do
> so. I was incredibly impressed by her patience, judgment-free
> support, warmth and emotional intelligence when teaching me the
> Kundalini Yoga basics. Sevinj went above and beyond by helping
> cook my meals because she was concerned about my eating habits
> and she wanted to ensure I have a holistic approach to my health. I
> am immensely grateful to Sevinj for this support, which has
> directly led to my improved physical well-being.

See Letter of Leyla Karimli, Ex. D.

After her indictment, Seva endured the trauma of prison for nearly two and a half months due to her unfortunate immigration status. Because the company that employed Seva and through which she held a work authorization visa was also indicted, Seva's visa was revoked and she lost her lawful immigration status. Failing to understand that this was not an appropriate reason to detain Seva, a magistrate judge in Houston wrongfully remanded her. Fortunately, Judge Reyes saw fit to release Seva once she was brought to this District.

5

# THE SENTENCING GUIDELINES

The Probation Office in Seva's Presentence Investigation Report ("PSR") calculates that the total offense level in this case is 2 under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."). Specifically, the PSR calculates the total offense level as follows:

Conspiracy to Commit Wire Fraud

| | |
|---|---:|
| Base Offense Level (§ 2B1.1(a)(2)) | 6 |
| Minor Role in the Offense (§ 3B1.2(a)) | -2 |
| Less: Acceptance of Responsibility (§ 3E1.1(a)) | <u>-2</u> |
| **Total Offense Level:** | **2** |

Seva has no criminal history points as she has never previously been convicted of any crime. Therefore, a level 2 carries a range of imprisonment of 0-6 months.

# AN ANALYSIS OF THE SECTION 3553(a) FACTORS DEMONSTRATES THAT A NON-CUSTODIAL SENTENCE IS WARRANTED IN THIS CASE

The government and the defense agree that a sentence of time served is appropriate for Seva based on all of the factors set forth in 18 U.S.C. § 3553(a). Indeed, section 3553(a)'s specifically directs that courts "shall impose a sentence ***sufficient, but not greater than necessary***, to comply with the purposes set forth in paragraph (2) of [§ 3553(a)]." 18 U.S.C. § 3553(a) (emphasis added).

We respectfully submit that the minor nature of Seva's conduct, her complete post-offense rehabilitation, and her history and family circumstances, including her son in Azerbaijan whom she has been unable to see since her arrest, warrant a non-custodial sentence. Indeed, in

Seva's case, a sentence of time served is unquestionably "sufficient but not greater than necessary." 18 U.S.C. § 3553(a).[3]

## CONCLUSION

The powerful letters submitted on Seva's behalf speak volumes. It is clear that to those who know her, Seva is a kind, caring, and exceptional woman who has deeply affected their lives in a positive way. Seva acknowledges her guilt and sincerely regrets the role that she played in the crime of conviction. Notably, however, she is treasured and lauded by all who know her otherwise upstanding character. In light of her compelling circumstances, we respectfully submit that a sentence of time served is "sufficient, but not greater than necessary" to meet the goals of sentencing.

Dated: New York, New York
       June 15, 2016

                              Respectfully submitted,
                                  /s/
                              Sarita Kedia
                              Sarita Kedia Law Offices, P.C.
                              5 East 22nd Street, Suite 7B
                              New York, New York 10010
                              (212) 681-0202
                              skedia@kedialaw.com

                              *Attorney for Sevinj Taghiyeva*

---

[3] We respectfully ask that the Court not impose a term of supervised release upon Seva, since she is now an alien without any lawful immigration status in this country and will voluntarily self-deport if permitted to do so. See U.S.S.G. § 5D1.1 (c) and Application Note 5.