1

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x
UNITED STATES OF AMERICA,

                  Plaintiff,           Docket No.:
                                       12 CR 626 (SJ)
         versus

SEVINJ TAGHIYEVA,                      U.S. Courthouse
                                       225 Cadman Plaza East
                  Defendant.           Brooklyn, NY 11201
---------------------------------------x
                                       August 28, 2015
                                       9:30 a.m.

            Transcript of Criminal Cause for Pleading

Before:   HONORABLE STERLING JOHNSON, JR.,
                         District Court Senior Judge


                         APPEARANCES

For the Government:          KELLY T. CURRIE, ESQ.
                             Acting United States Attorney
                             Eastern District of New York
                             271 Cadman Plaza East
                             Brooklyn, New York 11201
                             BY:  DANIEL SILVER, ESQ.,
                                  UNA DEAN, ESQ.,
                                  RICHARD TUCKER, ESQ.
                                  Assistant U.S. Attorneys

For the Defendant:           SARITA KEDIA LAW OFFICES, P.C.
                             5 East 22nd Street Suite 7B
                             New York, New York 10010
                             BY:  SARITA KEDIA, ESQ.
                                  DIANE FISCHER, ESQ.

Court Reporter:              MICHELE NARDONE, CSR, RPR, CRR
                             Official Court Reporter
                             Phone:  718-613-2601
                             Fax:  718-613-2631
                             Email:  Mishrpr@aol.com

Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.
```

MICHELE NARDONE, CSR, RPR, CRR - Official Court Reporter

1       (In open court.)

2       (Defendant present.)

3       THE CLERK:  All rise.

4       THE COURT:  Be seated.

5       THE CLERK:  U.S. versus Sevinj Taghiyeva.

6       MR. SILVER:  Good morning, judge.

7       THE COURT:  Good morning.

8       MS. DEAN:  Good morning, your Honor.

9       MS. KEDIA:  Good morning, your Honor.

10      THE COURT:  Good morning.

11      MS. KEDIA:  Sarita Kedia and Diane Fischer for Sevinj
12  Taghiyeva, who is standing to my right.

13      THE COURT:  Okay.  My understanding is that the
14  defendant wishes to change her plea.

15      MS. KEDIA:  Yes, your Honor.

16      THE COURT:  Will you swear her in, Ana.

17      THE CLERK:  Please raise your right hand.

18      (The defendant was sworn/affirmed.)

19      THE CLERK:  State and spell your name for the record.

20      THE DEFENDANT:  Say what?

21      THE CLERK:  State and spell your name for the record.

22      THE DEFENDANT:  Okay.  Sevinj, S-E-V-I-N-J, Taghiyeva,
23  T-A-G-H-I-Y-E-V-A.

24      THE COURT:  Do we need an interpreter?

25      MS. KEDIA:  No, your Honor.

MICHELE NARDONE, CSR, RPR, CRR - Official Court Reporter

1     THE COURT: Do you understand that you are now under
2 oath, and if you answer any of my questions falsely, your
3 answers may later be used against you in another prosecution
4 for perjury, or making a false statement? Do you understand
5 that?
6     THE DEFENDANT: I do.
7     THE COURT: Will you state your full name for the
8 record.
9     THE DEFENDANT: Sevinj, S-E-V-I-N-J, Taghiyeva,
10 T-A-G-H-I-Y-E-V-A.
11     THE COURT: How old are you?
12     THE DEFENDANT: I'm 35.
13     THE COURT: How much education have you had?
14     THE DEFENDANT: I have a graduate degree.
15     THE COURT: In what?
16     THE DEFENDANT: Technology and design.
17     THE COURT: Do you understand why you are here at this
18 particular moment with your lawyer in this courtroom?
19     THE DEFENDANT: I do.
20     THE COURT: Have you been treated recently for any
21 mental illness or addiction to narcotic drugs of any kind?
22     THE DEFENDANT: I did not.
23     THE COURT: You haven't been treated?
24     THE DEFENDANT: I haven't.
25     THE COURT: Okay. Are you currently under the

1   influence of any drug, medication, or alcoholic beverage of any
2   kind?
3           THE DEFENDANT:  No.
4           THE COURT:  Have you received a copy of the charges
5   against you, the indictment?
6           THE DEFENDANT:  I have.
7           THE COURT:  Have you discussed those charges with your
8   lawyer?
9           THE DEFENDANT:  I have.
10          THE COURT:  Are you fully satisfied with the advice,
11  representation, and counsel she has given you with respect to
12  these charges?
13          THE DEFENDANT:  Yes.
14          THE COURT:  There is a plea agreement in this case.
15  It will be marked Court's Exhibit number 1 for these
16  proceedings.  Has it been executed?
17          MR. SILVER:  It has, judge.  I will hand it to
18  Ms. Rodriguez.
19          THE COURT:  I show you page 7, the last page of
20  Court's Exhibit number 1, and ask you:  Is this your signature?
21          THE DEFENDANT:  It is.
22          THE COURT:  Have there been any promises other than
23  the promises contained in Court's Exhibit 1 that has induced
24  you to sign this document?
25          THE DEFENDANT:  No.

MICHELE NARDONE, CSR, RPR, CRR - Official Court Reporter

1    THE COURT:  Now, according to Court's Exhibit
2 number 1, the maximum amount of time that you are exposed to
3 imprisonment is five years.  Do you understand that?
4    THE DEFENDANT:  I do.
5    THE COURT:  And if you were sent to prison, you will
6 be placed on supervised release after your custodial sentence,
7 and you will be on supervised release for a maximum of three
8 years.  Do you understand that?
9    THE DEFENDANT:  I do.
10   THE COURT:  And if you violate the terms of your
11 supervision, you can be sent back to prison for an additional
12 two years, notwithstanding the fact you have already served a
13 prison sentence.  Do you understand that?
14   THE DEFENDANT:  I do.
15   THE COURT:  There is a possibility of a $250,000 fine.
16 Do you understand that?
17   THE DEFENDANT:  I do.
18   THE COURT:  There is a $100 special assessment.  Do
19 you understand that?
20   THE DEFENDANT:  I do.
21   THE COURT:  Now, there are other penalties, such as
22 removal from the United States.  Do you understand that?
23   THE DEFENDANT:  I do.
24   THE COURT:  Okay.  Also, in Court's Exhibit number 1,
25 the agreed-upon offense level is a 22 and the adjusted offense

1  level is 20, for a range of imprisonment of 33 to 41 months.
2  Do you understand that?
3           THE DEFENDANT:  I do.
4           MS. KEDIA:  Your Honor, may I just clarify that?
5           THE COURT:  No.  I'm going into that.  If the
6  defendant pleads by August 28, there will be a one-level
7  adjustment to 19.  It will be 30 to 37 months.  Is that
8  correct?
9           MS. KEDIA:  Yes, your Honor, but I need to clarify
10 that, if I may.
11          THE COURT:  Go ahead.
12          MS. KEDIA:  This is an estimate that the government
13 made in terms of the offense level.  It's not an agreed-upon
14 offense level.
15          THE COURT:  Oh, I'm sorry.
16          MS. KEDIA:  The defendant is reserving the right to
17 argue that a different guideline application should apply than
18 the one the government estimates would apply, which would
19 result in a guidelines range of zero to six months, and in all
20 events -- and the government agrees not to challenge the
21 defendant's calculation of the guidelines range because this is
22 a plea entered into under rule 11(c)(1)(B); and the government
23 is agreeing that it will recommend to the court that a sentence
24 of time served is appropriate for Ms. Taghiyeva.
25          THE COURT:  But they also, in Court's Exhibit

1  number 1, I see, where if the defendant receives a sentence of
2  24 months or below, there will be no appeal.
3          MS. KEDIA:  That's correct, your Honor.
4          THE COURT:  Do you understand that these guidelines
5  are advisory.  Do you understand that?
6          THE DEFENDANT:  I do.
7          THE COURT:  Pardon me?
8          THE DEFENDANT:  I do.
9          THE COURT:  Is there anything else I should advise the
10 defendant of?
11         MR. SILVER:  No, your Honor.
12         THE COURT:  Now, you are attempting to plead guilty to
13 count two of the indictment 12 CR 626.
14         I'm asking the government:  If you had to go to trial
15 in this matter against this defendant what would the
16 government's proof be?
17         MR. SILVER:  Your Honor, the government would prove
18 that Ms. Taghiyeva was a salesperson at a company called ARC
19 Electronics in Houston that was a reseller and exporter of
20 microelectronics.
21         In the course of her duties as a salesperson there she
22 agreed with others at the company to provide false information
23 about ARC's business to suppliers here in the U.S. in order to
24 complete sales and purchase and sell goods.
25         THE COURT:  I ask the defendant:  Tell me in your own

1  words what is it that you said you did wrong?  What are you
2  attempting to plead guilty to?
3          THE DEFENDANT:  I was employed at ARC Electronics as a
4  salesperson.
5          THE COURT:  Don't go so fast.  We have a court
6  reporter.
7          THE DEFENDANT:  Sorry?
8          THE COURT:  I said don't go so fast.
9          THE DEFENDANT:  Okay.  I was employed at ARC
10 Electronics as a salesperson between May of 2011 and September
11 of 2012.  During that time I was told by my supervisors to tell
12 suppliers, if asked, that ARC was a contract manufacturer.
13 Although I didn't fully understand the meaning of the term
14 contract manufacturer, I didn't believe that it was true that
15 ARC was a contract manufacturer.  I knew that ARC was a
16 reseller and that we purchased the items on behalf of clients
17 in Russia.
18         I questioned my supervisor why we couldn't tell
19 suppliers that we were resellers rather than saying we were
20 contract manufacturers.  My supervisor explained that by not
21 stating that we were resellers we could get better prices on
22 the items.  So at my supervisor's direction, I agreed to tell
23 suppliers that ARC was a contract manufacturer, although I knew
24 that ARC was a reseller.
25         I'm very sorry that I agreed to do this.  I didn't

1  realize that I was violating any laws and I didn't intend to
2  violate any laws.
3           THE COURT:  Let me ask the government:  With respect
4  to venue, where was ARC located, and how do we have venue in
5  the Eastern District?
6           MR. SILVER:  They were located in Houston, Texas,
7  judge, but a large portion of the goods they exported went
8  through JFK Airport in Queens.  So at trial we could establish
9  venue in that fashion.
10          THE COURT:  Do you know how -- although she doesn't
11 have to know.
12          MS. KEDIA:  She doesn't have to know, your Honor.  She
13 does not know, in fact.
14          THE COURT:  Okay.  Is there anything else you wish me
15 to ask then?
16          MR. SILVER:  Could I have one moment, judge?
17          THE COURT:  Yes.
18          (Pause.)
19          MR. SILVER:  Nothing else from the government, judge.
20          THE COURT:  Anything you wish me to inquire about?
21          MS. KEDIA:  No, your Honor.
22          THE COURT:  With respect to count two of 12 CR 626,
23 how do you plead, guilty or not guilty?
24          THE DEFENDANT:  I plead guilty.
25          THE COURT:  Are you pleading guilty voluntarily and of

1  your own free will?

2  THE DEFENDANT: I do.

3  THE COURT: It is the finding of court in the case of
4  U.S. versus Taghiyeva that the defendant is fully competent and
5  capable of entering an informed plea and the defendant is aware
6  of the nature of the charges and the consequences of her plea
7  and the plea of guilty is knowing and voluntary and supported
8  by independent basis and fact containing each of the essential
9  elements of the offense. The plea is therefore accepted and
10 defendant is now adjudged guilty of that offense.

11  Can we have a date.

12  THE CLERK: January 28 at 9:30.

13  THE COURT: You will be sentenced on January 28 or
14  some day thereafter.

15  Let me ask you: Was the defendant ever incarcerated
16  on this charge?

17  MR. SILVER: Yes, judge. She was incarcerated, I
18  believe, for about six weeks after her arrest.

19  THE COURT: Okay. All right.

20  MS. KEDIA: Your Honor, we have a bail application to
21  make, a bail modification application to make with respect to
22  Ms. Taghiyeva.

23  THE COURT: Go ahead.

24  MS. KEDIA: She has been on a bracelet since the time
25  that she was released on bond, and, in light of the disposition

MICHELE NARDONE, CSR, RPR, CRR - Official Court Reporter

1  in this case, the parties agree that she does not present any
2  flight risk and we ask that her --
3              THE COURT:  She be relieved of the bracelet?
4              MR. SILVER:  We don't have any objection to that.
5              THE COURT:  Okay.  All right.
6              MS. KEDIA:  Thank you very much, judge.
7              MR. SILVER:  Thank you, judge.
8              THE COURT:  Just a second.
9              MS. KEDIA:  Judge, we can just report to pretrial and
10 get the bracelet removed immediately?
11             THE COURT:  Is that how you do it?  I don't know the
12 mechanics of it.
13             MS. KEDIA:  Okay. We will contact them.  Thank you,
14 judge.  We will contact your clerk if we need anything else
15 from the court.
16             THE COURT:  All right.
17             (End of proceedings.)
18                              o O o
19
20 Certified to be a true and accurate transcript.
   /s/ Michele Nardone
21 MICHELE NARDONE, CSR, RPR, CRR -- Official Court Reporter
22
23
24
25

MICHELE NARDONE, CSR, RPR, CRR - Official Court Reporter